(No. 4686)

PAUL I. HOWELL, AS ADMINISTRATOR OF THE ESTATE OF LUELLA HOWELL, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*
*Petition of claimant for rehearing denied July 24, 1959.*

BROWN, HAY AND STEPHENS, AND DUNKELBERG AND RUST, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Paul I. Howell, as Administrator of the Estate of Luella Howell, deceased, filed his claim against the State of Illinois for the wrongful death of his wife, as the result of an accident, which occurred at or about the hour of 10:30 A.M. on September 7, 1954 on highway No. 88 at a point approximately one-half mile north of the junction of Route No. 93, west of the town of Bradford, in the County of Stark.

Mrs. Howell left as her sole and only heirs at law, her husband, Paul Howell, and her son, Clifford Yanda.

. Mrs. Howell was riding in the right front seat of the automobile owned and driven by Mr. Howell, being a 1954 Plymouth Club Coupe, in a southerly direction on State Route No. 88. At the time it was misting, and the pavement was wet.

Mr. Howell was driving his automobile at approximately 60 m.p.h. There was an automobile traveling in the same direction, and Mr. Howell turned out to pass this automobile. In returning to the southbound traffic lane, the right front and rear wheels ran off onto the shoulder. Mr. Howell was traveling at approximately the same rate of speed, and his car continued on 15 or 20 feet until the right front wheel struck an obstruction along the shoulder of the road. The obstruction was referred to as tar and was 2 to 3 inches below the paved portion of the highway. This had gathered along the side of the road or shoulder, as a result of tar being placed in the expansion joints. There were slight depressions along the shoulder, which were below the paved portions, and

had been caused by a washing of the shoulder and trucks traveling off of the highway onto the shoulder.

Mr. Howell, in attempting to regain control of his car and turn back onto the concrete, went diagonally across the pavement to the east side of the road, and struck the embankment. Mrs. Howell received injuries from which she died within a very short time.

This was an 18 foot concrete pavement with shoulders on each side 6 feet in width. The highway was level, and there were slight depressions from the edge of the pavement to the earth shoulders.

There appears to be no explanation as to why Mr. Howell drove his car off onto the shoulder after passing the car immediately in front of him. The fact remains that he did lose control of his automobile in driving back onto the right side of the road and then running onto the shoulder, as a result of which his car went out of control and struck the embankment on the east side of the road.

Mr. Howell explained how he endeavored to gain control of the automobile. From the distance the car traveled, it appears that he was driving at an excessive rate of speed, which may have been the cause of his car running off onto the shoulder; or it may have resulted from his actions in trying to pass the car in front of him, and return to his proper traffic lane. This road was familiar to Mr. Howell, as he had driven over it many times.

The evidence offered by claimant, other than his own testimony, was furnished by two other witnesses, who saw the Howell car just before the accident. They testified that the car did go out of control, traveled diagonally across the road, and struck the embankment. None of them, however, were able to explain why claimant's car ran off onto the shoulder, other than the fact that the

144

pavement was wet and there was a patch of asphalt on the west shoulder.

The only other witness testifying was Mr. Martin, a state policeman, who made two reports of the accident, which throw very little light on this case. There was a discrepancy between the two reports, which we believe is not material, as there appears to be no question but what there was an accumulation of tar or asphalt in a depression or groove in the shoulder at the west edge of the pavement, and a lip of such tar or asphalt for a short distance from the west edge of the pavement out to the earth and grass shoulder. Photographs were offered in evidence, which show the height between the shoulder and the paved portion, and the accumulation of asphalt.

There is no question but what Route No. 88 at the time of the accident was under the jurisdiction of respondent, and was maintained by its employees. Furthermore, there is no question but what the shoulder was lower than the paved portion of the road, and that asphalt had oozed out of the expansion joint and accumulated along or near the depression and ruts running parallel with the highway.

Claimant is predicating his case on the condition of the shoulder, failure of the State to warn the traveling public of such condition, and failure to maintain the shoulder along the highway in a better condition.

Respondent not having filed an answer, a general traverse under our rules is considered.

Respondent's principal defense is the contributory negligence of Paul I. Howell in driving and operating his automobile in which Luella Howell was riding as a passenger as being the proximate cause of the accident resulting in her death.

145

We have previously held that the State is not an insurer of all persons traveling upon its highways. (*Neil Beenes* vs. *State of Illinois*, 21 C.C.R. 83; *Terracino, Et Al*, vs. *State of Illinois*, 21 C.C.R. 177; and, *Riggins* vs. *State of Illinois*, 21 C.C.R. 434.)

We have had other claims involving the shoulder of a highway, and have previously held that respondent is not bound to maintain the shoulder in the same condition as the paved surface. (*Sommer, Et Al*, vs. *State of Illinois*, 21 C.C.R. 259.)

It is the duty of operators of motor vehicles to keep their vehicles under control, and failure to do so would amount to negligence.

The burden of proof is upon claimant to prove freedom from contributory negligence, and that it was the negligence of respondent, which was the proximate cause of the accident in question and resulting damages. The record is silent as to the question of freedom from contributory negligence. From the record, as it now appears, it was the negligence of the operator of the car, which was the proximate cause of the accident, and not the negligence of respondent or its agents.

The claim of the Administrator, Paul I. Howell, for the death of Luella Howell is hereby denied.