(No. 5027- )

CECIL HOUT AND MOTORS INSURANCE CORPORATION, A CORPORATION, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 7, 1966.*

ROLAND J. DE MARCO, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Cecil Hout and Motors Insurance Corporation, claimants, seek recovery of $60.00 and $1,463.90, respectively, for damages to a 1959 Chevrolet automobile, which was owned and driven by Cecil Hout, and insured by the Motors Insurance Corporation.

On March 31, 1960, Cecil Hout was driving the above mentioned automobile in a northerly direction on a section of Old Route No. 45, several miles south of Effingham, Illinois. At approximately 7:00 P.M. he crashed into a pile of crushed rock, which covered the width of the road, and had been placed there by the State Division of Highways.

A Departmental Report, which was submitted by the Division of Highways, describes the area of the accident as follows:

"Marked U.S. Route No. 45, south from the southerly limit of the city of Effingham, Effingham County, for a distance of slightly more than four miles, was constructed by the State of Illinois, Department of Public Works and Buildings, Division of Highways, in the year 1924 as a part of State Bond Issue Route No. 25. The construction consisted of an 18 foot Portland cement concrete pavement having a thickness of 9 inches, and a six foot earth shoulder on each side.

"In the year 1952 the southerly 4,000 feet of the above described section of highway was relocated to the east, and widened to 22 feet. The

old pavement within the next above limits was disconnected from the new pavement by the complete removal of sections of the old pavement at the north and south ends. The north end of the old pavement is closed to all traffic; however, a gravelled connection of approximately 50 feet in length was made between the old and new pavements at the south end. All Route U.S. No. 45 traffic direction signs were removed from the old section of pavement in 1952, and re-erected immediately along the newly located pavement. The old section of pavement intersects an east-west county road, and serves as an access road for local traffic only in the immediate vicinity.

"The easterly half of that part of the old pavement located north of the county road was and is used for the open storage of stone, broken concrete, cinders, and other materials used in highway maintenance."

Claimants allege that respondent was negligent because (1) it failed to have the old section of Highway No. 45 properly barricaded; (2) it failed to have the highway properly marked with warning, danger, or other appropriate signs to alert claimant to the fact that the road was closed or dangerous; (3) it failed to have flares, lights, or other warning signals to warn claimant that there was a danger in the road, to-wit: pile of crushed lime rock, or that there was a dangerous condition ahead.

Cecil Hout testified that on the day in question he had stopped at the home of the Secretary of his Union, which was located at the south end of Old Route No. 45. When Hout left the home he traveled north on Old Route No. 45. When Hout crossed Dutch Lane, which intersects Old Route No. 45, he did not see it because of the darkness, nor did he see any signs or barriers. As he proceeded on Old Route No. 45, Hout testified he was abruptly stopped by a rock pile, which ran the width of the road, and was 7 or 8 feet high. The rock pile was not visible, according to Hout. He stated that the glare from the lights of the cars traveling south on New Route No. 45 prevented him from seeing the obstruction.

At no time, Hout testified, did he see a sign, light, or marking indicating that Old Route No. 45 was not in use,

or that the rock pile was there. The road on which he was traveling was made of concrete. Hout stated that he had his bright headlights on at the time of the accident, and was going about 40 to 45 miles per hour. The impact demolished the car.

Hugh Osborn, Traffic Engineer for the Division of Highways, testified that Dutch Lane led to the New Route No. 45 from Old Route No. 45. He also stated that Old Route No. 45 was intended to be used for local traffic, and that there are residences located on Old Route No. 45 at the point where it intersects with New Route No. 45.

Respondent presented no testimony or evidence disputing the fact that a rock pile was across Old Route No. 45 at the time of the accident, nor did it attempt to prove that there were warning signs or barriers to advise the traveling public of the existence of the rock pile.

Recovery will not be granted unless claimants prove by a preponderance of the evidence that (1) Cecil Hout was free from contributory negligence; (2) that respondent was negligent; and, (3) that respondent's negligence was the proximate cause of the accident.

Respondent contends that Cecil Hout was contributorily negligent in that he continued to drive without slackening his speed or stopping when he was allegedly blinded by lights from other cars. Hout stated: "Well, I was going north. I came to a cross road, and the lights from the new highway were shining through there. I couldn't see, and I ran into this pile of rock." In other testimony Hout stated that the lights were shining over the rock pile, and he couldn't see the rock pile. The question to be determined is whether Hout negligently proceeded for 200 or 300 feet at 45 miles per hour without being able to see anything as a result of being blinded by the lights altogether, or whether the lights merely prevented him from seeing the rock pile.

It is contended by respondent that, where the driver of a motor vehicle is so blinded by the lights of an approaching car that he cannot see the road upon which he is traveling for a reasonably safe distance ahead, ordinary prudence and care require that he shall stop, or proceed very slowly until the approaching car has passed. (60 C.J.S., Sec. 201 (h), pp. 541-542.) Respondent further asserts that the driver of a motor vehicle is required to exercise ordinary care to observe or discern dangerous obstructions in the highway, and to avoid running into them.

Photographs were introduced into evidence purporting to show the scene of the accident immediately after its occurrence. The pile of gravel, which stretches across the road, is not clearly visible. A prudent and careful driver could not reasonably anticipate this obstacle in the darkness in absence of warning signs or signals. Instead, he could reasonably assume that the cement highway would not end abruptly without warning.

There is no question but that respondent was negligent in placing a large pile of gravel across the width of a cement highway, little used as it may have been, without any warning signs, lights, or signals. This Court has long held that "although the State is not an insurer of the safety of persons in the lawful use of the highways, it is nevertheless under a duty to give warning by the erection of proper and adequate signs at a reasonable distance of a dangerous condition of which the State had notice either actual or constructive." (*Mammen* vs. *State of Illinois*, 23 C.C.R. 130, 135, citing *Bovey* vs. *State of Illinois*, 22 C.C.R. 95.)

In the *Mammen* case the Court held that a "No Outlet" sign was insufficient to warn the motoring public of a barricade across the road. In the instant case there were no signs whatsoever, and nothing to warn a reasonably prudent person of the danger created by respondent.

A staff adjuster for Motors Insurance Corporation testified that his company sustained a net loss of $1,463.90, which reflects the salvage recovery on the 1959 Chevrolet Station Wagon. Hout testified that his loss was $50.00, which was the amount deductible under his insurance policy.

Claimant, Cecil Hout, is hereby awarded the sum of $50.00, and claimant, Motors Insurance Corporation, is awarded the sum of $1,463.90.