(No. 81-CC-0945—)

Louis B. Bojkovsky, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed February 23, 1981.*

Louis B. Bojkovsky, *pro se*, for Claimant.

Tyrone C. Fahner, Attorney General (William E. Webber, Assistant Attorney General, of counsel), for Respondent.

Per Curiam.

This cause comes before the Court as a result of automobile damages incurred while the automobile was parked in a designated parking area of Horseshoe Lake Recreation Area in Madison County, Illinois, operated by the State of Illinois. This claim is for $120.00 in damages to said vehicle, court costs and other related expenses.

Rule 14 of the Rules of the Court of Claims of the State of Illinois states that departmental reports issued by State departments or agencies are *prima facie* evidence of the facts set forth therein.

The departmental report by the Department of Conservation states that Mr. Bojkovsky, the maintenance worker, accidently bumped into his automobile while performing routine park maintenance tasks.

It is a premise of law in the State of Illinois that contributory negligence is a complete bar to recovery. *Howell v. State of Illinois*, 23 Ill. Ct. Cl. 141, 145.

Pursuant to article VI, section 33 of the Illinois Civil Practice Act, the burden of proof is upon Claimant to prove freedom from contributory negligence and that it was the negligence of the Respondent which caused the accident and resulting damages. The Claimant in this cause is silent as to his freedom from contributory

negligence. It appears from the departmental report that, even though Claimant was employed by the State, it was the negligence of the Claimant, himself, which was the proximate cause of the vehicle's damages.

The claim of Louis B. Bojkovsky is hereby denied with prejudice.