(No. 79-CC-0832—

DARRELL STARCHER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1983.*

HEYL, ROYSTER, VOELKER & ALLEN (DAVID L. REQUA, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE M. MUELLER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This case arises out of an accident which occurred on the Interstate 72 East exit ramp off of Interstate 55 near Springfield, Illinois. Claimant alleges that the State was negligent in failing to give the appropriate warnings for the hazards of the exit ramp, that the State was negligent in failing to post the appropriate speed limit for the exit ramp, and that the State's negligence was the proximate cause of the accident.

On April 15, 1977, Jack A. Rhonemus, an employee of Claimant, was traveling northbound on Interstate 55 in a semi-truck pulling a chemical tanker. According to testimony by Rhonemus, the tanker was three-fourths full. As Rhonemus approached the exit ramp for Interstate 72 East, he noted that the exit ramp speed was posted as a right turn with a speed limit of 50 m.p.h. Rhonemus therefore slowed down to 40 m.p.h. to adjust for the vehicle he was driving. Rhonemus testified that in his 16 years of truck driving he had determined that an adjustment of between 10 and 15 m.p.h. below the posted maximum speed limit was a sufficient adjustment to maintain a safe handling of his trucks. The reduction in speed from 50 m.p.h. to 40 m.p.h. was not adequate in this particular instance. The exit ramp in question turned out to be an "S" configuration rather than one right turn, and, as Rhonemus tried to correct for the unexpected left turn, the swishing liquid in the tanker caused the rear end of the truck to slide off the road, and the truck turned over in a ditch on the side of the exit ramp.

Rhonemus further testified that, in his opinion, because of the nature of the turn, the truck would have been able to make the turn at 25 m.p.h. but that even 35 m.p.h. would probably have been too fast.

Tyre Rees, a State of Illinois highway engineer called as a witness by Claimant, testified that a ball bank indicator test performed on the exit ramp at the time it was constructed showed a maximum safe speed of 35 m.p.h. for the second curve. A ball bank indicator test performed by Rees two days after the accident showed substantially the same results. Rees further testified that the design geometrics on the second curve indicate that it did not meet the requisite design specifications for a 50 m.p.h. curve.

The State's sole defense seems to be that, according to testimony by Rees, it was the policy of the State at the time the exit ramp was constructed to indicate only the first curve of the exit ramp. This defense has no merit. According to the decisions of this Court "the State is under a duty to give warning by erecting proper and adequate signs at a reasonable distance from a dangerous condition of which it had notice, and failure to erect such signs constitutes negligence". *Hout v. State of Illinois* (1966), 25 Ill. Ct. Cl. 301.

In this case the State certified to the drivers on its highways that under normal conditions they could exit on the Interstate 72 ramp at 50 m.p.h. They failed to warn the drivers that tests performed by their agents indicated that the second curve on the exit ramp was unsafe at speeds over 35 m.p.h. under normal conditions. Without this warning Rhonemus had no opportunity to adjust his driving speed to the dangerous condition. The State was therefore negligent in failing to warn drivers of the hazards of the exit ramp. This negligence was the proximate cause of the property damage suffered by the Claimant.

The damages were stipulated to by both parties. It is therefore ordered that Claimant, Darrell Starcher, be, and

hereby is, awarded $1,000.00, and Harvester Corporation and Certain British Companies, Underwriters at Lloyds of London be, and hereby are, awarded $13,537.49.