(No. 85-CC-3061—▮▮▮▮

GERALD HARRIS, Individually, and for the use and benefit of General Casualty Company, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1986.*

DANIEL R. SIMMONS, for Claimant.

NEIL F. HARTIGAN, Attorney General (CLAIRE E. B. GIBSON, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause seeks to recover $5,194.83 for damages sustained to his truck which was damaged in an accident on January 18, 1985.

The facts in this cause are undisputed. On January 18, 1985, two semitrailer trucks loaded with coal, and owned by Claimant Gerald Harris, were being driven eastbound on U.S. Route 16, a two-lane rural highway. A semi driven by Claimant's employee, Billy Morrisson, was following a semi driven by another of Claimant's employees, Darryl Reilly. It was their usual practice to travel together when loading and delivering the coal, and they had done so for a long period of time.

Travelling eastward through Litchfield, Illinois, the trucks proceeded down a hill, the crest of which was approximately one mile from a bridge located at the foot of the hill. There was a line of three or four cars in front of the lead semi, also traveling eastbound. Both drivers observed a State of Illinois snowplow ahead, plowing on the right-hand road shoulder, as they drove down the hill. The orange beacon light on the snowplow was operating. As the trucks neared the bridge, driver Reilly saw the snowplow pull onto the bridge (which had no shoulder) ahead of the line of cars. He signaled driver Morrisson behind him by braking and warning him by CB radio that the plow was pulling onto the bridge. The snowplow and the cars went across the bridge and, just as driver Reilly got across the bridge, he completely stopped his semi on the road and was then rear-ended by Morrisson's semi, causing damage to the front of Morrisson's semi. Reilly had not told Morrisson he was going to stop on the pavement. The two semis were the only vehicles involved in the accident.

Under the doctrine of *respondeat superior*, Claimant is responsible for the actions of his employees, within the scope of their employment. Claimant's driver employees were acting within their employment when this accident occurred.

Claimant's driver employees were charged with ordinary common law duties of care to keep a lookout (*Pyle v. State* (1980), 33 Ill. Ct. Cl. 6), to see things obviously visible (*Pyle, supra; Adams v. State* (1981), 35 Ill. Ct. Cl. 216), and to keep their vehicles under control (*Howell v. State* (1959), 23 Ill. Ct. Cl. 141). Further, they had a statutory duty under section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 11—601) to drive at speeds reasonable and proper under the

conditions that existed, so as not to endanger the safety of persons or property, and to decrease speed as necessary to avoid colliding with persons or vehicles. Both drivers had a duty under section 11—710 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 11—710) not to follow vehicles ahead more closely than is reasonable and prudent, considering speed, traffic, and highway conditions.

From the evidence submitted, the Court is of the opinion that driver Reilly in the lead truck violated his duties by negligently stopping on the pavement, without specific warning, when it was not necessary for him to do so. If it was necessary for him to stop completely to avoid hitting the car in front of him, then he must have been driving too fast or following too closely, since the car in front of him did not stop.

Although driver Morrisson testified he was driving below the limit of 45 miles per hour, the Court can only conclude from the facts of the accident that he was either driving too fast under the circumstances or that he was following the other truck too closely.

It is well to note that the three or four autos immediately ahead of the truck were all able to slow down enough behind the snowplow to avoid collisions. Only the Claimant's drivers were unable to slow down enough to drive on behind the snowplow as the autos did. This is clear evidence that they were either driving too fast or following too closely and the one could not stop when the truck in front of him stopped on the pavement.

The adoption of the doctrine of comparative negligence in the State of Illinois did not extinguish the requirement of proximate cause. Failure to establish

proximate cause of an injury precludes liability, negating the need to compare fault. *Nunley v. Village of Cahokia* (1983), 115 Ill. App. 3d 208, 450 N.E.2d 363, *leave to appeal denied; Misch v. Meadows Mennonite Home* (1983), 114 Ill. App. 3d 792, 449 N.E.2d 1358.

It therefore appears the proximate cause of the rear-end collision was the negligent driving of Claimant's drivers. They could have avoided the accident by watching the traffic ahead of them more closely, by driving slower, or at a greater distance behind the vehicles in front of them.

This claim is denied.