18

(No. 82-CC-2315–)

KATIE M. GARLAND and CATHY AMOS, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

` ` *Order filed April 19, 1984.* ` `

*Order filed July 2, 1984.*

*Opinion filed Nov. 23, 1992.*

ARNOLD E. LANDSMAN, LTD., for Claimants.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss the claim of Claimant Cathy Amos, with prejudice.

Respondent's motion sets forth that the accident occurred on April 12, 1981, that Claimant was riding in an automobile owned and operated by Katie M. Garland, and that the Garland automobile collided with an Illinois Department of Transportation motor vehicle on the Kennedy Expressway at approximately 901 North in Chicago, Illinois. Cathy Amos and Katie M. Garland joined as Claimants in the instant cause.

Respondent's motion further sets forth section 790.60 of the Court of Claims Regulations and section

25 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.24-5) which requires that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery.

The record is devoid of any evidence indicating that Cathy Amos had made any effort to exhaust such remedies and sources of recovery before seeking a final determination from this Court.

The Court notes that in answer to No. 11 of interrogatories, filed February 8, 1984, "Have you ever filed any other suit for your own personal injuries?" Claimant Cathy Amos answered "No." This Court has repeatedly held that claimant must exhaust all other remedies before seeking final determination in this Court.

Claimant having failed to exhaust her remedies, motion of Respondent to dismiss the claim of Cathy Amos is granted, and her claim is hereby dismissed.

## ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimant to vacate the Court's order of dismissal dated April 19, 1984. The dismissal order was to the effect that Claimant had not exhausted her remedies before filing a claim in this Court.

Claimant's motion to vacate the Court's order of dismissal sets forth that Claimant does not have a claim against anyone other than the State of Illinois and therefore the order of dismissal for failure to exhaust her remedies was wrong. Claimant's position

that there is no other claim available to her does make the State of Illinois the only possible defendant.

The Court finds the dismissal order heretofore entered by this Court on April 19, 1984, is in error, motion to vacate said order of dismissal is granted, and this cause is ordered set for hearing before a commissioner.

## OPINION

BURKE, J.

On April 12, 1981, Claimant, Katie M. Garland, was driving her automobile in a northbound direction on the Kennedy Expressway approaching Ohio Street in Chicago, Illinois. Cathy Amos was a passenger in said automobile. It was raining and at approximately 1:00 a.m., Claimant rear-ended a parked State of Illinois sand truck.

Shortly before the accident, a semi-trailer truck jackknifed on the expressway and hung over a guard rail, blocking several lanes of northbound traffic. The sand truck was called to the scene as the semi-trailer truck was leaking diesel oil. Sand was spread over the area to prevent other accidents. Claimants' vehicle rear-ended the sand truck which was parked at the rear of the disabled semi-trailer.

Hal Halihan, Department of Transportation employee, testified that he drove the truck to the scene, switched on his mars lights and all of the truck's flashers together with his headlights and taillights. In addition, he lit flares and gave flares to the Chicago police to light and place further back from the scene to warn the motoring public. Also on the scene were Chicago

police squad cars with their emergency lights on as well as several Chicago fire department vehicles with their emergency lights on.

With all the emergency lighting on the various vehicles and the many flares on the road, the Claimant, Katie M. Garland, rear-ended the parked sand truck. There was no evidence of negligence on the part of the Respondent, State of Illinois. Claimants' injuries resulted from their own inattentiveness and negligence.

It is therefore ordered that the claim of Katie M. Garland and Cathy Amos is denied.