(No. 88-CC-0333, 89-CC-0416 cons.—

JADA JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion filed June 12, 1997.*

*Order on petition for rehearing filed December 26, 1997.*

BRIAN J. MCMANUS & ASSOCIATES (JADA JOHNSON, of counsel) and WILLIAM K. HEDRICK (BARRY K. FORTNER, of counsel), for Claimants.

JAMES E. RYAN, Attorney General (DAVID RODRI-GUEZ, Assistant Attorney General, of counsel), for Respondent.

OPINION

JANN, J.

Claimants Jada Johnson and Barry K. Fortner brought claims individually against the Respondent, State of Illinois, Illinois Department of Transportation (IDOT) for personal injuries suffered as a result of a vehicle accident on a State highway. On June 14, 1995, the cases were consolidated by order of Court and trial was held on November 1, 1995, before Commissioner Elizabeth Rochford in Chicago, Illinois.

The facts are as follows:

Claimants Jada Johnson and Barry Fortner worked together at Sages Restaurant on State Street in Chicago. Claimant Johnson reported to work on August 12, 1986, at approximately 3:00 or 4:00 p.m., and on August 13, 1986, the Claimant got off work at approximately 1:30 a.m. and went out with other co-workers to several bars. They arrived at the first bar at approximately 4:30 a.m. Claimant Johnson testified that she had about one beer and then went to another bar where she had about three beers. At approximately 6:30 a.m., Claimant Johnson drove several other co-workers home and attempted to drive Claimant Fortner home. Fortner had fallen asleep and Johnson got lost. Johnson stopped to get directions at a gas station and returned to southbound Interstate 94. At approximately 9:00 a.m., the Claimant's vehicle struck a State truck parked partially on the roadway.

Claimant Johnson has no recollection of the events immediately preceding the accident or of the accident itself

due to a head trauma she suffered in the accident. Claimant Fortner had no recollection of the accident because he was asleep at the time of the collision.

Claimant Johnson presented the independent eyewitness testimony of Jose Castillo. Castillo testified that he was traveling southbound on I-94 near 130th Street at approximately 9:00 a.m. The weather was dry and clear.

Castillo was driving in the middle of three lanes when he observed Claimant's car strike an orange State of Illinois maintenance truck. Castillo testified that the State truck was parked half on the roadway and half on the shoulder of the innermost southbound lane. Castillo did not see any advance warnings of the truck such as flashing lights or signs. Castillo testified that Johnson's vehicle attempted to move into the center lane just prior to the accident. He opined that Johnson's vehicle didn't have enough advance warning to get over in time. Castillo's vehicle was in the center lane, thereby preventing Johnson from merging to avoid the accident.

Claimant Johnson testified that, as a result of the accident, she suffered fractures in her lower back, a punctured lung, broken ribs, a broken right arm and severed tendons and muscles in her left leg.

Claimant Johnson testified that the injury to her right arm and left leg required surgical repair. Johnson complained of chronic tendonitis and weakness in her right arm and left leg, and difficulty in lifting and climbing stairs. Her dancing career was ended. She demonstrated a five-inch scar on her left leg.

Frankie DeFries, Claimant Johnson's mother, testified on behalf of her daughter, Jada Johnson. Mrs. DeFries testified that, prior to the accident, Claimant Johnson was in excellent health; she was a dancer and worked

as a dance teacher. Her dancing included tap, ballet and acrobatics.

Following the accident, Mrs. DeFries was summoned to Christ Hospital where she was advised that Johnson had suffered a ruptured heart, a deflated lung, broken wrist bones, an injured left leg and facial injuries. DeFries testified that she observed her daughter in extreme pain as a result of the injuries from the accident and, since that time, Mrs. DeFries regularly observes Johnson's restricted ability to climb stairs and Johnson's need for assistance in caring for her child.

DeFries further testified that due to her injuries, Johnson was off work from August 13, 1986, to January 12, 1987, and for an additional 19 days in 1988 for additional medical treatment related to the accident.

Claimant Johnson presented medical bills totaling $43,099.85 and claims $10,738 in lost wages.

Claimant Fortner testified that, as a result of the accident, he suffered a broken nasal bone, a broken collar bone, a punctured right eyelid, blood in his right eye, a concussion with brain stem injury to the left side of the head, a permanent three- to four-inch scar on the left side of his head, in addition to lacerations and scarring to his legs. Claimant suffered a loss of sensation to his right hand, foot, and the right portion of his lip, which persisted to the date of trial.

Claimant Fortner further testified that he was an accomplished artistic roller-skating champion, acquiring professional status and certification as an instructor. As a result of the injuries sustained in the accident, Claimant has been unable to coach or perform as a skater.

Claimant further incurred hospital expenses in the amount of $17,456.25 and claims $6,000 in lost wages.

The Respondent produced Clifton Jones, highway maintainer for IDOT. He testified that on August 13, 1986, at approximately 9:00 a.m., he and other highway maintenance personnel were beginning to establish a lane closure on southbound I-94. The first step was to position the trucks in the lane closure area, then to place the sign which warns "roadwork ahead," and then the placement of cones to establish the lane closure.

On the morning of the incident however, the crew was in the process of setting up the sign when the accident took place. At the time of the accident, two State trucks were at the scene: the "cone truck" and the "back-up truck." The cone truck was first and was completely occupying the outside lane, followed by the back-up truck, approximately ten feet behind, which was partially occupying the outside lane and partially occupying the shoulder. Jones was standing between the two trucks at the moment of impact, but stated that the back-up truck had red four-way flashers, a yellow dome light, a "keep right" sign, a yellow arrow directing traffic to the center lane and a flagman positioned behind the back-up truck.

Jones testified that he observed the Claimant's car approaching the trucks. He stated that the car had its turn signal on and was attempting to merge into the center lane but was unable to merge and struck the back of the back-up truck. Upon impact, the car flipped over. The rear axle of the back-up truck was broken and the truck was pushed between five and seven feet forward.

Jones acknowledged that no signs or cones had been placed in the roadway at the time of the accident, as the workers were in the process of placing the first sign.

Jones testified that the sign placement procedures is a "moving operation," and that the preliminary purpose of the arrows and signs on the rear of the back-up truck is to slow traffic to allow the crew to place the signs and cones.

Jones further testified that there is a third "warning truck" approximately 2,000 feet behind the back-up truck. He testified that he couldn't "see" the third truck at the time of the accident, but that all three trucks had left the garage at the same time and that he was sure the third truck was in its assigned position. The purpose of the warning truck is to serve as the first notice to motorists of the upcoming roadwork. The procedures employed were consistent with the applicable IDOT manual.

Trial briefs were prepared and filed by all parties.

The issue is whether the Respondent was negligent in failing to provide reasonably safe conditions for persons using the State highway.

To sustain a claim of negligence, a Claimant must establish a duty owed by the Respondent to the Claimant, a breach of that duty and an injury proximately caused by the breach. *Kraemer v. State* (1990), 42 Ill. Ct. Cl. 236, 245.

It is the duty of the State to exercise reasonable care in the maintenance and care of its highways in order that defective and dangerous conditions likely to injure persons lawfully on the highways shall not exist. (*Kraemer v. State, supra* at 245.) The State is under a duty to warn travelers of a dangerous condition by erecting proper and adequate signs at a reasonable distance. The State's failure to properly warn constitutes negligence. (*Starcher v. State* (1983), 36 Ill. Ct. Cl. 144, 146.) However, the State is not the absolute insurer of all persons traveling upon its highways. (*Kraemer v. State, supra* at 245.) The law further dictates that where persons are approaching a place

of danger, they have a duty to do so cautiously and with a proper degree of care for their own safety. *Coulson v. State* (1993), 46 Ill. Ct. Cl. 149, 160.

In *Garland v. State* (1992), 45 Ill. Ct. Cl. 18, Claimant and her passenger were injured when their vehicle rear ended a State vehicle parked in the roadway. The State vehicle had responded to an accident, the emergency lights on the truck had been activated and flares had been placed on the roadway. In denying the claim, the Court concluded that the injuries resulted from the Claimant's inattentiveness. *Garland v. State, supra* at 18.

In *Harris v. State* (1986), 39 Ill. Ct. Cl. 176, Claimant's two semi-trailer trucks were involved in a rear-end collision with each other as they approached a State snowplow in the process of snow removal. The amber beacon light on the snowplow was operating at the time of the accident. The court concluded that the accident was caused by the negligence of the drivers for failure to watch the traffic, drive more slowly and keep a proper distance between vehicles. *Harris v. State, supra* at 176.

The driver of a vehicle has a duty to keep a look-out and see those things which are obviously visible. (*Harris v. State, supra* at 178; *Kohut v. State* (1980), 33 Ill. Ct. Cl. 6.) Pursuant to the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 11—601) drivers have a duty to drive at reasonable and proper speeds so as not to endanger the safety of persons or property, and to decrease speed where necessary to avoid colliding with persons or vehicles. Further, the Vehicle Code prohibits drivers from following vehicles ahead more closely than is reasonable and prudent in light of speed, traffic and highway conditions. Ill. Rev. Stat., ch. 95½, par. 11—710.

The Claimants in this case argue that the Respondent placed a stopped truck partially on and partially off

of the State roadway, thereby creating a potentially dangerous condition. Claimants contend that the Respondent failed to warn the motorists of the danger, thereby causing the accident and the Claimants' resulting injuries.

The Claimant had worked approximately ten hours as a waitress. She proceeded to go out with friends for another five hours, during which time she consumed four beers. For the next two hours, she drove various people home, and ultimately she became lost and involved in the accident.

The cause of the accident appears to have been a combination of factors. Claimant was tired, and she became lost. She obviously saw the State truck in the roadway because she put on her turn signal and attempted to move out of the lane. Claimant was apparently driving too fast, with too little attention to the obvious signs of roadwork, and was unable to stop quickly enough or safely merge into the center lane.

The sign, flashing lights, illuminated arrow and flagman in this case evidence a proper and sufficient warning of the lane closing in progress. There is not sufficient evidence to establish negligence on the part of the Respondent.

Based on the foregoing, the claims of Jada Johnson and Barry K. Fortner are hereby denied.

## ORDER

JANN, J.

This cause comes on to be heard on the petitions of Claimants for rehearing. Claimants' claims were denied by order of June 12, 1997.

We have carefully reviewed Claimants' petitions and the record herein. Claimants' petitions assert that the

Court reached an incorrect conclusion as to liability. Claimants contend that the testimony of Jose Castillo, an eyewitness, is both favorable and persuasive as to Claimants' allegations of negligence by Respondent.

Mr. Castillo's testimony indicated he did not have clear recollection of the incident and only saw Claimant when impact occurred. Neither Claimant recalls the accident. No testimony or evidence of record indicated that the Illinois Department of Transportation deviated from its normal procedures or that said procedures were hazardous by nature. The testimony offered does not support a finding of negligence by Respondent.

As Claimants have introduced no new evidence to support their contention, we shall rely upon the record in our review of the findings. The record includes the hearing transcript, all pre-trial pleadings and post-trial briefs.

A thorough review of the record indicates that the Court properly weighed the evidence presented. Claimants' petitions appear to disregard the testimony of Mr. Castillo on cross-examination at hearing. A fair reading of the testimony as a whole does not support a finding in favor of Claimants.

Based upon our review, Claimants' petitions for rehearing are hereby denied. Claimants have failed to meet their burden of proof.

This cause is hereby dismissed with prejudice.